# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO.1:10cv007

| | |
|---|---|
| DANNY L. SUMMEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pleading styled, "Motion for Petition for Payment of Attorney's Fees" under the Equal Access to Justice Act. [Doc. 14].

## I.    PROCEDURAL HISTORY

The Plaintiff Danny Summey initiated this action on January 7, 2010, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on July 1, 2010. [Doc. 4]. Thereafter,

the Plaintiff filed a motion for summary judgment on the basis of the administrative record. [Doc. 8]. The Commissioner in response consented to remand. [Doc. 11]. On November 30, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 12].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $2,999.50. [Doc. 14]. In response, the Government states that it will not oppose an award in the amount of $2,633.00 for attorney's fees and $366.50 for costs in the form of Plaintiff's filing fee, to be made payable to the Plaintiff, stating certain additional conditions in the event that Plaintiff owes any debt qualifying for offset. [Doc. 15].

II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff

is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's total request for fees; he only seeks to clarify its payment sources and mode of distribution. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Plaintiff claims fees in the amount of $2999.50. [Doc. 14]. The Plaintiff's submissions in support of that request are sparse. His motion is not accompanied by the customary memorandum, and contains no identification or analysis of the applicable law and no argument thereon. [Doc. 14].

Despite these deficiencies, the Court has reviewed Plaintiff's timesheet. [Doc. 14-1]. While the Commissioner offers no objection to its contents, the Court finds the time entries leading to the filing of Plaintiff's

complaint are excessive and/or demonstrate inefficiencies at that stage. The complaint itself is three pages in length, follows a boilerplate format typical for Social Security practitioners including Plaintiff's counsel, and gives comparatively minimal required notice that neither demanded nor displays the eleven total hours claimed for its preparation. [Doc. 14-1]. However, since the Commissioner has not objected, and since the overall number of hours is not excessive, the Court will allow the total number of hours claimed, 33.2.

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged as well as to the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of

4

> qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992). Plaintiff does not seek an upward adjustment, asking a rate of $125 per hour for counsel's work. The rate claimed is reasonable *per se*.

Plaintiff claims a rate of $65 per hour for paralegal work. It is Plaintiff's obligation to prove that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District, but has provided no proof. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). His claim does coincide with the fact that in this District, paralegal services have been compensated at a rate of $65.00 per hour. The Court concludes that a rate of $65.00 per hour is reasonable.

Based upon these reasonable hourly rates, the Court concludes that a total attorney fee award of $2,633.50, with the addition of $366.00 in costs, is justified.

As to the payee of the award, the U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.___, 2010 WL 2346547 (June 14, 2010) clarified that the

"prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney. Ratliff at *4-7. As such, Plaintiff's pleading [Doc. 14] showing his counsel as petitioner for the fees[1] is disallowable in its entirety, and counsel is instructed to submit no further fee petitions in this posture. For judicial efficiency, in this instance the pleading will be interpreted as Plaintiff's own petition. For compliance with Ratliff, the fee awarded below shall be made payable and distributed as proposed[2] by the Commissioner [Doc. 15]: The

---

[1] The first sentence of the pleading reads, "Petitioner V. Lamar Gudger, III, attorney for the Plaintiff, hereby respectfully petitions and requests that the Court allow him attorney fees in accordance with 28 USC SS 2412(d)."

[2] The Court does not read Astrue v. Ratliff to preclude a payment schedule like the Commissioner has suggested.

First, two cases in the Western District of Virginia have honored fee assignments after Ratliff, by ordering that counsel be the direct payee of EAJA fees. Hinkle v. Astrue, 2010 WL 3909916 (W.D.Va.,2010), Powers v. Astrue, 2010 WL 2772660 (W.D.Va.,2010). Other cases around the country have as well, in the several months since the Supreme Court's decision.

Second, the chronology of this case and the particulars of the proposed schedule differentiate it from the facts in Ratliff. The challenge in Ratliff was to the government's application of offset rules where a valid assignment existed, not to the government's honoring assignments in general. The cases that have analyzed the affect of Ratliff on assignments in the months since the Supreme Court's decision treat the government's offset obligations and attorneys' rights under assignments as competing but not entirely incompatible interests.

The proposed schedule harmonizes those interests. Its "if-then" approach fully covers the requirements of Ratliff should an offset-qualifying government debt turn out to exist. The schedule's inclusion of direct payment to counsel if there is no debt honors the assignment interest and does not appear precluded by Ratliff.

Ratliff's directing the government about compliance with offset regulations is not meant to divest the government of its discretion to enter into direct payment arrangements where there is no debt or where a balance remains after debt satisfaction. *See* Ratliff, 130 S.Ct at 2530. Subsequent cases have made that observation. Preston v. Astrue, 2010 WL 3522156 at *2 (M.D.Fla.,2010), Boykin v. Astrue, 2010 WL 3339502 at *1 n.1 (S.D.Ala.,2010).

Commissioner shall determine within 30 days whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. Should the Plaintiff timely provide to the Commissioner a valid fee assignment, the Commissioner may honor such assignment.

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 14] is hereby **GRANTED** and:

---

The exact plan that the parties propose here - honoring the assignment through direct payment to counsel if no debt turns out to exist - was acknowledged in Ratliff as an agency practice that continued after the offset rule went into effect in 2005. Ratliff, 130 S.Ct. at 2529. No explicit ruling against that practice was made. The Middle District of Florida has interpreted that acknowledgment as the Supreme Court's implicitly ratifying that practice. Collins v. Astrue, 2010 WL 4023545 at *2 (M.D.Fla.,2010), Young v. Commissioner of Social Sec., 2010 WL 3043428 at *2 (M.D.Fla.,2010), Ford v. Astrue, 2010 WL 2991497 at *2 (M.D.Fla.,2010), Davis v. Commissioner of Social Sec., 2010 WL 2871118 at *3 (M.D.Fla.,2010). The Commissioner himself has argued that Ratliff implicitly ratified the practice that the parties propose here. Viator v. Astrue, 2010 WL 2942632 at *1 (M.D.Fla.,2010).

Another rationale for honoring assignments is avoidance of the unnecessary additional litigation that would be generated if the court did not honor the assignment and then claimant refused to pay his counsel. Patterson v. Commissioner of Social Sec. Admin., 2010 WL 3211139 (N.D.Ohio,2010).

Although some courts have not honored assignments after Ratliff, in many of those cases the government contested the validity of the assignment and/or the court was simply disinclined to delve into the logistics of determining whether an offset-qualifying debt existed. Neither of those problems is present here.

(1) The Plaintiff is hereby awarded $2,633.00 for attorney's fees awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2) The Plaintiff is further awarded $366.50 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

(3) Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 30 days from the entry of this Order. Within the same 30 days, Plaintiff shall provide any valid fee assignment to Defendant.

(4) Within 90 days from the entry of this Order, Defendant shall distribute the sums awarded herein, payable to Plaintiff if no valid fee assignment is timely provided and payable at Defendant's discretion if one is timely provided, mailed in either event to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: January 18, 2011

Martin Reidinger
United States District Judge